DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Helen Hamlet, appeals the decision of the Lorain Municipal Court, which found her guilty of menacing by stalking. This Court reverses.
 I. {¶ 2} On July 11, 2003, appellant went to the Lorain Police Department to file a criminal complaint against Yolanda Lee. When appellant arrived at the station, she was arrested on an outstanding warrant for menacing by stalking which was previously filed by Ms. Lee. During the course of her arrest, appellant became ill and lost control of herself. Appellant was eventually placed in a restraint chair and later transported to the hospital after allegedly threatening to harm herself.
 {¶ 3} Based upon her alleged conduct at the hospital, appellant was charged with obstructing official business, a violation of R.C. 2921.31, a second degree misdemeanor; resisting arrest, a violation of R.C. 2921.33, a second degree misdemeanor; and disorderly conduct/persisting, a violation of R.C.2917.11(A), a fourth degree misdemeanor. Appellant pled not guilty at arraignment, and pretrial was set for August 21, 2003.
 {¶ 4} Appellant failed to appear on August 21, 2003, and a capias was issued. On September 30, 2003, appellant appeared at a bond forfeiture hearing and bond was reset. On October 10, 2003, appellant appeared at a pre-trial. The court noted on the complaint jacket: "At request of Defendant, time being waived, continued for PT hearing on 11/13/03 at 2 p.m. Bond cont'd." On November 4, 2003, the court scheduled the jury trial for December 17, 2003. On November 13, 2003, the court noted on the complaint jacket that the trial was set for December 18, 2003.
 {¶ 5} Due to illness, appellant did not appear on December 18, 2003. At that time, the trial court reset the jury trial for January 14, 2004, and informed appellant's counsel that time was tolled for speedy trial purposes.
 {¶ 6} On January 14, 2004, appellant filed a motion for continuance. The court granted appellant's motion and set the jury trial for March 3, 2004.
 {¶ 7} On March 3, 2004, the trial court continued the trial on the obstruction, resisting and disorderly conduct/persisting charges, until further order of the court due to the unavailability of the State's main witness. The trial went forward on the charges of menacing by stalking and violation of a temporary protection order. The trial court dismissed the violation of a temporary protection order charge and the jury acquitted appellant of the stalking charge.
 {¶ 8} On April 26, 2004, the trial court noted on the Docket Entry Listing that the State's witness was available for trial and set the jury trial for June 23, 2004.
 {¶ 9} On June 18, 2004, appellant filed a motion to suppress/motion to dismiss. The State filed a brief in opposition to appellant's motion to suppress/motion to dismiss. On June 22, 2004, the trial court denied appellant's motion.
 {¶ 10} A jury trial was held on June 23, 2004. Prior to trial, the State dismissed the resisting arrest charge.
 {¶ 11} Appellant moved for a mistrial at the end of the State's case. The trial court denied appellant's motion. Appellant also moved for dismissal of the charges pursuant to Crim.R. 29. The trial court also overruled appellant's motion for acquittal pursuant to Crim.R. 29. The jury found appellant guilty of obstruction and disorderly conduct.
 {¶ 12} Appellant timely appealed, setting forth six assignments of error for review.
 ASSIGNMENT OF ERROR ONE
"The trial court erred by not granting defendant's motion to dismiss the charges based on a violation of defendant's speedy trial rights."
 {¶ 13} In her first assignment of error, appellant argues that the trial court erred in not granting the appellant's motion to dismiss the case for lack of a speedy trial. This Court agrees.
 {¶ 14} As an initial matter, this Court notes that the State failed to file an appellate brief in the matter before this Court. Pursuant to App.R. 18(C), this Court may accept appellant's statement of the facts and issues as presented in his brief as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action. SeeBank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2; see, also, App.R. 18(C).
 {¶ 15} "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." State v.Downing, 9th Dist. No. 22012, 2004-Ohio-5952, at ¶ 36, citingState v. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058.
 {¶ 16} The right to a speedy trial by the state is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. Klopfer v. North Carolina
(1967), 386 U.S. 213, 222-223, 18 L.Ed.2d 1. This same right is conferred to a criminal defendant by Section 10, Article I, Ohio Constitution. State v. O'Brien (1987), 34 Ohio St.3d 7, 8. A criminal defendant may waive his right to a speedy trial only if it is knowingly, voluntarily and intelligently made. State v.Adams (1989), 43 Ohio St.3d 67, 69. The waiver must also be expressed in writing or made in open court on the record. Statev. King (1994), 70 Ohio St.3d 158, syllabus.
 {¶ 17} R.C. 2945.71 et seq. is an enforcement mechanism to make sure the constitutional right to a speedy trial is upheld.State v. Pachay (1980), 64 Ohio St.2d 218, syllabus. R.C.2945.71 dictates the time limits in which a defendant must be brought to trial. Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). However, the time within which a defendant must be brought to trial can be tolled.
 {¶ 18} R.C. 2945.72(H) provides that the statutorily prescribed time for a speedy trial may be lengthened by any period of continuance granted on the accused's own motion, or by any reasonable period granted other than on the accused's motion.State v. Davis (Feb. 28, 1994), 4th Dist. No. 1578.
 {¶ 19} In the present case, appellant was charged with several misdemeanor offenses. R.C. 2945.71(B)(2) required the State to bring appellant to trial within 90 days of her arrest. After reviewing the record, this Court finds that the trial court erred in denying appellant's motion to dismiss the case for lack of a speedy trial.
 {¶ 20} From July 11, 2003, the date of appellant's arrest, until August 21, 2003, when appellant failed to appear at a pre-trial, 41 days elapsed. Due to appellant's failure to appear on August 21, 2003, the trial court tolled time for speedy trial purposes from August 21, 2003, until September 30, 2003, when she appeared for a pre-trial. From September 30, 2003, until October 10, 2003, a total of 10 days elapsed for speedy trial purposes. On October 10, 2003, appellant requested a continuance of the pre-trial and waived her speedy trial rights until November 13, 2003, the new date for the pre-trial. From November 13, 2003, until December 18, 2003, 35 days elapsed. For speedy trial purposes, the total as of December 18, 2003, was 86 days.
 {¶ 21} The period from December 18, 2003, until March 3, 2004, was tolled by the trial court for speedy trial purposes because appellant failed to appear on December 18, 2003, and a continuance was granted at appellant's request on January 14, 2004, until March 3, 2004. This Court finds that during the period between March 3, 2004, and April 26, 2004, time was tolled for speedy trial purposes because the continuance was reasonable due to the unavailability of the State's witness. However, no explanation is given for the 58-day delay after April 26, 2004, when the court noted that the State's main witness was available as of that date. The 58 days which elapsed between April 26, 2004, and June 23, 2004, bring the total days for speedy trial purposes to 144, which is well beyond the 90-day limit.
 {¶ 22} As the appellant did not receive a speedy trial, her first assignment of error is sustained.
 ASSIGNMENT OF ERROR TWO
"The trial court erred by not granting defendant's motion to dismiss/motion to suppress for lack of probable cause."
 ASSIGNMENT OF ERROR THREE
"The trial court erred by not granting defendant's motion for a mistrial based on the prejudice caused by the jury seeing the booking video, since defendant was not charged with criminal activity for the conduct depicted in the video."
 ASSIGNMENT OF ERROR FOUR
"The trial court erred by overruling defendant's Rule 29 Motion."
 ASSIGNMENT OF ERROR FIVE
"The verdicts were not supported by sufficient evidence."
 ASSIGNMENT OF ERROR SIX
"The verdicts were against the manifest weight of the evidence."
 {¶ 23} In her remaining assignments of error, appellant challenges the trial court's denial of her motion for mistrial and her motion for acquittal. Appellant also challenges her convictions for obstruction and disorderly conduct as being against the manifest weight of the evidence. However, this Court does not need to address appellant's remaining assignments of error, as they have been rendered moot by our disposition of her first assignment of error. See App.R. 12(A)(1)(c).
 III. {¶ 24} Appellant's first assignment of error is sustained. The remaining assignments of error are not addressed. Appellant's convictions in the Lorain Municipal Court are reversed, and the cause is remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Moore, J., concurs.