DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Bruce Browand, appeals the judgment of the Lorain County Court of Common Pleas, which denied appellant's motion to dismiss. This Court affirms.
 I. {¶ 2} On March 1, 2006, appellant was indicted in case number 06CR069935 on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree; one count of failure to comply in violation of R.C. 2921.331(B), a misdemeanor of the first degree; one count of driving under suspension in violation of R.C.4510.11(A), a misdemeanor of the *Page 2 
first degree; and one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree. On April 11, 2006, the indictment was supplemented with a fifth count, to wit, one count of driving under the influence in violation of R.C.4511.19(A)(1)(a), a felony of the third degree Appellant had been arrested on January 28, 2006 in regard to some of those charges. He was released on February 28, 2006, after posting bond.
 {¶ 3} On March 8, 2006, appellant was again arrested on new charges which proceeded under case number 06CR070270. As he was unable to post bond in that case, he remained in jail until he was convicted after a no contest plea in case number 06CR069935 on September 7, 2006.
 {¶ 4} On March 23, 2006, appellant requested discovery and a bill of particulars, which were due from the State by April 12, 2006. By the same journal entry, appellant also waived statutory time for a speedy trial pursuant to R.C. 2945.71 et seq. Discovery and a bill of particulars were filed by the State on March 24, 2006.
 {¶ 5} On May 31, 2006, pretrial was continued until June 7, 2006, at appellant's request. On the journal entry, appellant crossed out the waiver of speedy trial language and wrote, "Defendant does not waive time[.]" On June 7, 2006, pretrial was again continued at appellant's request until June 14, 2006, for defense counsel's failure to appear. At the June 14, 2006 pretrial, appellant requested a final pretrial, which was scheduled for July 5, 2006. *Page 3 
 {¶ 6} On June 30, 2006, appellant filed a motion to dismiss on the grounds that he had been denied his speedy trial rights. On the same day, appellant filed a withdrawal of time waiver, stating that he has not waived time for a speedy trial and that he revokes or withdraws any waiver that may have been signed on his behalf but without his authorization. On August 1, 2006, the State filed a brief in opposition to appellant's motion to dismiss. On August 14, 2006, the trial court held a hearing on the motion to dismiss. By journal entry filed the next day, the trial court denied appellant's motion, finding that appellant's speedy trial rights had not been violated.
 {¶ 7} On September 7, 2006, prior to entering a plea, appellant renewed his motion to dismiss on speedy trial grounds. The trial court denied the motion. Appellant entered pleas of no contest to the charges in case number 06CR069935 and 06CR070270. The matters later proceeded to sentencing.
 {¶ 8} Appellant filed a motion for a delayed appeal regarding case number 06CR069935. This Court allowed the delayed appeal. Appellant raises one assignment of error for review. II. ASSIGNMENT OF ERROR *Page 4 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DISMISS THE CHARGES AGAINST THE DEFENDANT AS REQUIRED BY [R.C.] 2945.73(B).'
 {¶ 9} Appellant argues that the trial court erred by denying his motions to dismiss for violation of his speedy trial right. This Court disagrees.
 {¶ 10} "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." State v. Downing, 9th Dist. No. 22012,2004-Ohio-5952, at ¶ 36. See, also, State v. Hamlet, 9th Dist. No. 04CA008527, 2005-Ohio-3110, at ¶ 15.
 {¶ 11} The right to a speedy trial by the State is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. Klopfer v. North Carolina (1967), 386 U.S. 213,222-223. The same right is conferred to a criminal defendant by Section10, Article I, Ohio Constitution. State v. O'Brien (1987),34 Ohio St.3d 7, 8. A criminal defendant may waive his right to a speedy trial only if it is knowingly, voluntarily and intelligently made. State v. Adams
(1989), 43 Ohio St.3d 67, 69. The waiver must also be expressed in writing or made in open court on the record. State v. King (1994),70 Ohio St.3d 158, syllabus.
 {¶ 12} R.C. 2945.71 et seq. is an enforcement mechanism to make sure the constitutional right to a speedy trial is upheld. State v.Pachay (1980), 64 Ohio St.2d 218, syllabus. R.C. 2945.71 dictates the time limits in which a defendant *Page 5 
must be brought to trial. R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C.2945.71(E) addresses the computation of time and provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Time is calculated to run the day after the date of arrest. State v. Friedhof (July 10, 1996), 9th Dist. No. 2505-M, citing State v. Steiner (1991), 71 Ohio App.3d 249,250-51. See, also, Crim.R. 45(A).
 {¶ 13} Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). However, the time within which a defendant must be brought to trial can be tolled.
 {¶ 14} R.C. 2945.72(H) provides that the statutorily prescribed time for a speedy trial may be lengthened by any period of continuance granted on the accused's own motion, or by any reasonable period granted other than on the accused's motion. See, also, Hamlet at ¶ 18. In addition, this Court has held that the time in which a trial court is required to bring a criminal defendant to trial is effectively extended, or tolled, when the defendant files a motion to dismiss until the time when the trial court denies the motion. State v. Hughes, 9th Dist. No. 02CA008206, 2003-Ohio-5045, at ¶ 15, citing State v. Bickerstaff (1984),10 Ohio St.3d 62, 67. *Page 6 
 {¶ 15} Furthermore, R.C. 2945.72(E) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." The Ohio Supreme Court has held that "a demand for discovery [by the defendant] or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, at ¶ 26.
 {¶ 16} R.C. 2945.72(D) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay occasioned by the neglect or improper act of the accused." The Ohio Supreme Court recently held that the "failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." State v. Palmer, 112 Ohio St.3d 457,2007-Ohio-374, at paragraph one of the syllabus.
 {¶ 17} In this case, appellant was in jail for 31 days after his initial arrest during the inclusive period from January 29, 2006 through February 28, 2006. Each of those days counts as 3 for a total of 93 days. Another 22 days elapsed from March 1, 2006 through March 22, 2006, bringing the total to 115 days.
 {¶ 18} Time would have tolled from March 23, 2006, when appellant filed a request for discovery and a bill of particulars, for 1 day until the State filed its discovery and bill of particulars the next day. However, the March 23, 2006 journal entry also contained appellant's signature below an assertion that *Page 7 
"DEFENDANT WAIVES STATUTORY TIME FOR SPEEDY TRIAL PURSUANT TO RC 2945.71
et seq."
 "An accused may waive his constitutional right to a speedy trial, provided his waiver is made knowingly and voluntarily. Barker v. Wingo
(1972), 407 U.S. 514. Waiver removes the case from the operation of the speedy trial statutes. Westlake v. Cougill (1978), 56 Ohio St.2d 230. However, waiver must be shown affirmatively in the record." State v. Dickerson (Mar. 11, 1991), 2d Dist. No. 2703.
 {¶ 19} Although appellant, or someone on his behalf, crossed through the waiver language and wrote "Defendant does not waive time" on journal entries filed on June 2, 2006 and June 20, 2006, appellant did not file a withdrawal of time waiver until June 30, 2006. Accordingly, the 99 days from the date of waiver until the withdrawal of waiver do not count for speedy trial purposes.
 {¶ 20} On June 30, 2006, appellant also filed a motion to dismiss, thereby tolling time for another 46 days until the trial court denied the motion on August 15, 2006. From August 15, 2006 until September 7, 2006, when appellant entered a no contest plea to the charges, time ran on a 1 for 1 day basis for a total of 24 days. Although appellant remained in jail during that time, he was being held on other charges in case number 06CR070270. His bond was never revoked or forfeited in regard to case number 06CR069935, the sole case on appeal. Therefore, adding these 24 days to the 115 days which had run as calculated above, appellant was tried well within the 270-day statutory limit.
 {¶ 21} Should this Court find that the June 2, 2006 notation on appellant's behalf in the journal entry that he does not waive time constitutes an affirmative *Page 8 
withdrawal of his previous waiver, we still find that the trial court did not err by denying appellant's motions to dismiss. As we found above, 115 days elapsed from appellant's arrest through March 22, 2006. One day on March 23, 2006, was tolled due to appellant's filing of a request for discovery and bill of particulars. Time began to run again on March 24, 2006, when the State filed its discovery and bill of particulars.
 {¶ 22} On March 24, 2006, the State filed its request for discovery, and the trial court ordered appellant to provide discovery to the State by May 3, 2006. Appellant failed to do so. On May 19, 2006, the State filed a second request for discovery. The trial court issued an order on June 2, 2006, noting that appellant was to have provided discovery by May 3, 2006. The court ordered appellant to serve and file his discovery by June 16, 2006, "or face possible sanctions." Appellant failed to file his discovery until June 30, 2006, asserting that "he knows of no material subject to discovery that he would be required to provide to the state." Appellant's failure to timely serve and file his discovery constitutes a period of delay occasioned by appellant's neglect. Time began to run on March 24, 2006, until May 3, 2006, when appellant's discovery was due. We note that this Court could reasonably find that time was tolled as of the date discovery was due until appellant's ultimate untimely filing of discovery on the basis of neglect. SeePalmer at paragraph one of the syllabus. But even considering that time continued to run until June 16, 2006, the date to which the trial court extended *Page 9 
appellant's time to comply or face sanctions, 94 days ran. As of June 16, 2006, 209 days had passed for speedy trial purposes.
 {¶ 23} Appellant requested a continuance on June 7, 2006, because defense counsel failed to appear for a pretrial. The trial court continued the pretrial until June 14, 2006. Therefore, time was tolled for 7 days, which lowers the above calculation to 202 days.
 {¶ 24} From June 16, 2006, until June 30, 2006, time was tolled pursuant to R.C. 2945.72(D) due to appellant's delay beyond the time extended by the court for filing his discovery. Time was then tolled again from June 30, 2006, until August 15, 2006, due to the pendency of appellant's motion to dismiss. Time ran for an additional 24 days from August 15, 2006, until appellant entered his no contest plea on September 7, 2006. Therefore, a total of 226 days ran prior to appellant's conviction, well within the 270-day limit. Appellant's assignment of error is overruled. *Page 10 
 III. {¶ 25} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 REECE, J. CONCURS *Page 11