[Cite as *State v. Smith*, 2016-Ohio-150.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-14-1224

        Appellee                                    Trial Court No. CR0201401147

v.

Homer Lee Smith, Jr. a.k.a.
Mydrell Braswell                                          **DECISION AND JUDGMENT**

        Appellant                                   Decided:  January 15, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

**{¶ 1}** Appellant, Homer Lee Smith, Jr., appeals the judgment of the Lucas County Court of Common Pleas, convicting appellant of tampering with evidence, a felony of the third degree.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On January 17, 2014, Toledo police responded to a shots fired call at 1001 Heston Street, within the city limits of Toledo, Ohio. Upon arrival, officers observed appellant standing in the middle of the street, acting in a non-aggressive manner. Officer Haney patted appellant down for officer safety, and recovered a spent shell casing in appellant's pocket. Appellant was arrested and placed into custody.

{¶ 3} On January 29, 2014, a Lucas County Grand Jury delivered a three-count indictment, charging appellant with having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree, and receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. Appellant was arraigned on February 6, 2014, and an attorney was appointed to represent him. On February 26, 2014, appellant, through his attorney, filed a motion to suppress evidence. That motion was heard by the court on April 3, 2014, and the court's decision denying appellant's motion was issued on July 3, 2014.

{¶ 4} The matter was called for trial on August 4, 2014, at which point appellant's attorney requested a continuance to review evidence recently provided to him by the prosecution. Appellant openly voiced his displeasure with this course of action, however, the court granted a one-week continuance. Two days later, appellant, acting pro se, filed a document entitled "motion to withdraw present counsel and request new counsel be appointed." The matter was set for pretrial on August 8, at which point appellant's

2.

attorney asked for leave to withdraw as counsel. The court explained to appellant that if counsel was allowed to withdraw from the case, the trial could not proceed as scheduled on August 11, 2015. Appellant stated that he understood this and asked the court to accept the attorney's request. The court then granted the request, and the trial date of August 11 was converted to a pretrial. On August 11, new counsel was appointed to represent appellant. After a bench conference with the state and appellant's new counsel, the court announced, without objection, the new trial date of September 15, 2014.

{¶ 5} On the morning of trial, appellant, through counsel, filed a motion to dismiss his case based on a violation of his speedy trial rights. Arguments were made and that motion was denied. The matter proceeded to trial on September 16, 2014. At the outset, the state asked to dismiss the charge of receiving stolen property. That request was granted, without objection, and the matter proceeded to trial on the first two counts of the indictment. After a two-day trial, the jury found appellant guilty of tampering with evidence, a third degree felony. On September 24, 2014, appellant was sentenced to 30 months in prison. His timely appeal followed.

### B. Assignments of Error

{¶ 6} On appeal, appellant assigns the following errors for our review:

1) The State of Ohio failed to bring appellant to trial within the statutory speedy trial time in violation of his rights under the Sixth Amendment of the United States Constitution and the Ohio Constitution.

3.

2) The trial court erred in not suppressing evidence obtained through an illegal search of appellant's person.

3) The State of Ohio failed to provide legally sufficient evidence to sustain a conviction of tampering with evidence.

4) Appellant's convictions were against the manifest weight of the evidence.

## II. Analysis

### A. Speedy Trial

**{¶ 7}** In reviewing a denial of a motion to dismiss based on an appellant's right to a speedy trial, we apply a de novo standard of review. *State v. Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, ¶ 10.

**{¶ 8}** The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days of his arrest. Further, R.C. 2945.71(E) codifies the "triple count provision," computing each day an accused is held in custody as three days, for purposes of computing the speedy trial timeframe. Appellant was held in custody while he awaited trial, thereby invoking the "triple count" provision, and effectively setting the speedy trial time at 90 days.

**{¶ 9}** In this case, appellant was arrested on January 17, 2014. Absent any tolling periods, the state was required to try the case on or before April 18, 2014. This case

proceeded to trial on September 15, 2014, constituting a duration of 240 days. However, R.C. 2945.72 provides that time may be tolled for a number of reasons, including:

(E) Any period of delay necessitated by reason of a plea in bar of abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

{¶ 10} Here, there is no contention between the parties that there were several tolling events throughout the course of the trial court proceedings. The first tolling event occurred on February 10, 2014, when appellant filed a motion for discovery along with a motion for a bill of particulars. The state responded to this motion on February 18, 2014, thereby concluding an eight-day tolling period.

{¶ 11} Time was also tolled when appellant filed a motion to suppress evidence on February 26, 2014. The trial court announced its decision on this motion on June 25, 2014, ending the tolling period at 120 days. The final uncontested tolling event began on August 4, 2014, when appellant requested a continuance of the trial date, which the court set on August 11, 2014. For this event, time was tolled for a period of seven days. Ultimately, there is no dispute that time was tolled in the case for a cumulative period of 135 days.

{¶ 12} The disputed time period begins on August 11, 2014, when appellant contends that the court, sua sponte, continued his trial date until September 15, 2014. Appellant contends that those 34 days should be counted against the state, while the state argues that time was properly tolled during that period. For the following reasons, we agree with the state.

{¶ 13} Appellant's reliance on the Ohio Supreme Court's decision in *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, is misguided. *Ramey* involved codefendants, only one of which filed pretrial motions. *Id.* The Supreme Court held that Ramey merely acquiesced to the new dates necessitated by his codefendant's motions, and in order for the days to be tolled, R.C. 2945.72(H) required the continuance to be reasonable, and also required the court to record reasons for the continuance in its journal entry. *Id.*

{¶ 14} In the present case, the delay was necessitated by appellant's action on August 6, 2014, filing what purported to be a pro se motion to withdraw his counsel and have new counsel appointed. On August 8, 2014, the court held a pretrial hearing, at which the court allowed appellant's counsel to withdraw from the case based on a breakdown of the attorney-client relationship, stemming from the motion filed by appellant two days earlier. At that hearing, the court clearly explained to appellant that a withdrawal of counsel would necessitate the trial date to be continued. An excerpt of the colloquy between the court and appellant is found in the transcript of the August 8 hearing and reads as follows:

6.

**THE COURT:** * * * Now, I know that you want to go to trial, and I know that you were unhappy about all the times that it had to be continued for various reasons, whether it was a motion to suppress that was pending, whether there was evidence to be reviewed. And so now your attorney wants to withdraw, so that means you're not going to have a trial on Monday.

**THE DEFENDANT:** That's all right with me.

**THE COURT:** That's all right with you?

**THE DEFENDANT:** Yes ma'am.

**THE COURT:** Do you know that I don't know when this matter will be rescheduled for trial?

**THE DEFENDANT:** Well, you'll come up with a court date, I'm pretty sure.

**THE COURT:** Well, I'll come up with a court date. But if you get new counsel, that's going to depend on your new Counsel's schedule, the Court's schedule, and how much time it takes that new lawyer to prepare your case.

**THE DEFENDANT:** I'm satisfied with that.

{¶ 15} Clearly, the delay between August 11, 2014, and the new trial date of September 15, 2014, was necessitated by the actions of appellant, as explained to him by the court at the August 8, 2014 hearing. We find that the 34 days in dispute were

7.

properly tolled in accordance with R.C. 2945.72(E).  Adding the 34 days to the uncontested 134 days properly tolled, we find that the September 15, 2014 trial date was on the 72nd day of the speedy trial clock, and within the 90-day requirement.  Therefore, appellant's first assignment of error is not well-taken.

## B.  Motion to Suppress

{¶ 16} For his second assignment of error, appellant contends that the trial court erred in denying his motion to suppress evidence.  Appellate review of a decision on a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).  "[A]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982).  "[T]he appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).  Further, we must evaluate the suppression judgment in accordance with *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), which held in pertinent part, "[W]here a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the

8.

totality of the circumstances, the officers may initiate protective search for the safety of himself and others."

{¶ 17} The record in this case reflects that on January 17, 2014, Officer Melvin Haney of the Toledo Police Department, responded to a shots fired call at 1001 Heston Street in Toledo, Ohio. Upon arrival, within two minutes of the call, appellant was found walking in the street at that location, and approached the officer in a calm, non-threatening manner. Officer Haney stated that, for officer safety, he patted down appellant for weapons. The officer gave several reasons why he felt the minor intrusion was necessary.

{¶ 18} Officer Haney testified that 1001 Heston was a known drug house and he had personally been there in the past when the house had been "shot up." He testified that he was on high alert due to the nature of the call and the fact that it was dark outside. The state solicited testimony that as appellant approached Officer Haney, he told the officer that he was inside the house and "they were shooting at me," providing confirmation that appellant was in some way involved in the incident. Officer Haney testified that appellant's story did not make sense to him. The officer did not understand why someone who was being shot at minutes earlier would be standing alone in the middle of the street outside that same location. When Officer Haney patted the suspect down, he testified that he felt what was immediately identifiable to him as a spent shell casing in the pant pocket of appellant. At that point, Officer Haney believed appellant to

9.

be the shooter and the casing was removed as evidence of a crime. Appellant was then placed under arrest.

{¶ 19} Viewing the evidence as it would have been seen through the eyes of Officer Haney who was reacting to the events as they were unfolding, the court found that, based on the facts available to him at the time of the pat-down, Officer Haney's actions were appropriate, and the motion to suppress was denied.

{¶ 20} Upon our review of the record in this case, applying the applicable standards, we find that the officer possessed a reasonable suspicion so as to warrant a pat-down of appellant for his own protection. This determination is supported by the facts and circumstances articulated by Officer Haney at the suppression hearing. Some of the relevant circumstances include: the time of day, the location as a known drug house, the recent report of gunfire, appellant's statement to the officer that he was inside the house where the shots originated from, and the fact that appellant's story did not make sense to the officer. Therefore, appellant's second assignment of error is not well-taken.

## C. Sufficiency of the Evidence

{¶ 21} In his third and fourth assignments of error, appellant contends that his conviction was not supported by sufficient evidence and was also against the manifest weight of the evidence. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

10.

{¶ 22} In reviewing whether or not the state of Ohio provided legally sufficient evidence to support a conviction, this Court must:

examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 23} In order to support a conviction for tampering with evidence, pursuant to R.C. 2921.12(A)(1), the state must show that:

(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.

{¶ 24} To support this charge, the record indicates appellant stated that he had picked up the shell casings with a shirt, and tossed them outside into the snow. Appellant argues that these actions were not meant to impair the value of the evidence, and that he did not know an investigation was likely to be in progress. It is, however, reasonable for

11.

a jury to infer that appellant should have known that gunfire in a residential area would lead to police investigation.  It is also reasonable for a jury to infer that the actions by appellant of picking up spent shell casings from inside a home where a shooting had just taken place, and throwing them outside into the snow, was an attempt to impair the availability of evidence. Therefore the conviction was supported by sufficient evidence and appellant's third assignment of error is not well-taken.

### D.  Manifest Weight

{¶ 25} When reviewing a manifest weight claim,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 26} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id*.  It has been long held that the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to decide.  *State v. Thomas*, 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356 (1982).  The standard of review is therefore high, and the trial court, with its unique position to resolve the factual issues, enjoys significant deference to

determine the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992).

{¶ 27} This is not the exceptional case in which the evidence weighs heavily against the conviction. Appellant admitted at trial that he was inside a house that had been the target of a barrage of gunfire. The state presented evidence that the shots were all fired from inside the house. Appellant admitted on the stand that he picked up the shell casings with a t-shirt and threw them outside into the snow. The jury heard appellant's testimony that he was simply cleaning the residence and did not know that the police would have been called. The jury determined that the story advanced by appellant was not credible and found the defendant guilty of tampering with evidence. That determination is not against the manifest weight of the evidence, and appellant's fourth assignment of error is not well-taken.

### III. Conclusion

{¶ 28} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                            _____
                                                                    JUDGE

Stephen A. Yarbrough, J.

                                                         _____
James D. Jensen, P.J.                                       JUDGE
CONCUR.

                                                         _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.