[Cite as *State v. Davis*, 2026-Ohio-1798.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-25-048

      Appellant                            Trial Court No. 2025-CR-0088

v.

Maverick Davis, II                      **DECISION AND JUDGMENT**

      Appellee                              Decided:  May 15, 2026

* * * * *

Paul A. Dobson, Esq., Prosecutor and
Kristofer A. Kristofferson, Esq., Assistant Prosecutor, for appellant.

Michael H. Stahl, Esq., for appellee.

* * * * *

**OSOWIK, P.J.,**

{¶ 1} This is a State appeal of a July 16, 2025 judgment of the Wood County

Court of Common Pleas, granting Maverick Davis II's ("appellee") motion to dismiss

March 20, 2025 indictments on one count of trafficking in marijuana, in violation of R.C.

2925.03, a felony of the third degree, and one count of possession of marijuana, in

violation of R.C. 2925.11, a felony of the third degree, on speedy trial grounds, in violation of R.C. 2945.71(C)(2), upon finding that the charges arose from facts known by the State on December 6, 2023, when appellee was originally charged with driving under suspension and following too closely. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, the State of Ohio, sets forth the following sole assignment of error:

> "The trial court committed reversible error when it granted [appellee's] motion to dismiss."

### Case Background

{¶ 3} The following facts are derived from the record of evidence presented to the trial court. On December 6, 2023, Wood County Detective Sergeant Moore ("Moore") initiated a traffic stop of appellee on I-75, after observing appellee following another vehicle too closely.

{¶ 4} Upon approaching appellee's vehicle, Moore detected a strong odor of marijuana. Appellee acknowledged that he was returning from Michigan, where he had purchased marijuana. Appellee then handed Moore a bag containing 8.8 grams of marijuana, and further disclosed that he was in possession of "a lot more" marijuana. Moore's subsequent search of appellee's vehicle recovered multiple, large bags of marijuana, cumulatively totaling four pounds of marijuana.

2.

{¶ 5} Moore next ran appellee's license and discovered that appellee was under a license suspension for unpaid child support. Moore then cited appellee for following too closely and driving under suspension. No charges related to the recovery of four pounds of marijuana during the traffic stop were filed. On February 23, 2024, appellee proceeded to trial in the Bowling Green Municipal Court on the two pending traffic offenses. Appellee was found guilty.

{¶ 6} On March 20, 2025, 16 months after the traffic stop and filing of the initial charges, appellee was indicted on one count of trafficking in marijuana, in violation of R.C. 2925.03, a felony of the third degree, and one count of possession of marijuana, in violation of R.C. 2925.11, a felony of the third degree.

{¶ 7} On May 14, 2025, appellee filed a motion to dismiss, arguing that the State failed to timely bring appellant to trial on the felony drug charges, within 270 days of his December 6, 2023 original arrest, in violation of R.C. 2945.71(C)(2), the speedy trial statutory mandate.

*Motion to Dismiss Hearing*

{¶ 8} On July 9, 2025, the trial court conducted a hearing on the motion to dismiss. At the motion hearing, the parties jointly stipulated to the admission of the December 6, 2023 police report ("Exhibit A"), with both parties acknowledging that it constituted a "true and accurate replication of what happened [on December 6, 2023]."

{¶ 9} Exhibit A, authored by Moore, stated in relevant part,

3.

*While speaking to [appellee] I smelled the odor of raw marijuana emanating from inside his vehicle. [Appellee] advised he was coming from Michigan where he had just picked up. . . marijuana. [Appellee] then retrieved a small bag of marijuana (8.8 grams) from his front dash area. . .*I told [appellee that] I appreciated his honesty and asked how much more marijuana was inside the vehicle. [Appellee] stated, 'a lot more.' I asked [appellee] how much [additional marijuana] he considered [to be] a lot. [Appellee] said 3 lbs. . . .*We conducted a probable cause search of the vehicle with positive results. Three large [additional] bags of marijuana were located inside the trunk [for a] combined total of marijuana [of] 4 lbs. . . .I issued [appellee] a traffic citation, citing him for space between moving vehicles and driving under suspension.* (Emphasis added).

{¶ 10} In opposing appellee's motion to dismiss, the State argued,

I think that [it] can be a very slippery slope where if officers start charging people based on eyeball measurements or statements of a Defendant even, I don't think that's best practices, I don't think it's ethical to charge someone with a felony based on either the Defendant's statement alone or something sub-accurate as the science of the actual weight. . .I just imagine a Grand Jury situation where the State of Ohio is preparing to present charges to a Grand Jury for their consideration and they say, we found a bunch of green stuff, we don't know what it is, we think it's marijuana, it's probably about X amount of weight because the Defendant said so, is – that's not even borderline in response, that's improper for the State to present charges.

{¶ 11} On July 16, 2025, the trial court held, in relevant part,

Defendant was stopped for a traffic violation on December 6, 2023, he was charged with driving under suspension and following too closely. . .Also found in the car were four bags [of marijuana]. . .On March 20, 2025, defendant was indicted in this matter for one count of trafficking and marijuana, pursuant to R.C. 2925.03 and one count of possession of marijuana, pursuant to R.C. 2925.11. Both are felonies of the third degree, as the weight involved equals or exceeds 1000g [of marijuana]. . . Defendant alleges that this violates his right to a speedy-trial. . . The State counters the laboratory results. . .[were] not available. . .The identification of marijuana in this case did not require laboratory analysis, the officer detected the odor when approaching the vehicle. . . Additionally, there was no real question as relevant to the weight. Thus, in this case the new charges arose from the same facts as did the original charge and the State

knew of such facts at the time of the initial indictment. The laboratory analysis did not add 'unknown facts.' The State had the necessary information to proceed with an indictment without the need for laboratory analysis, and the additional charges [were] subject to the same statutory speedy trial period that is applied to the original charge.

Appellee's motion to dismiss was granted. This appeal ensued.

*Assignment of Error: Was Motion to Dismiss Properly Granted?*

**{¶ 12}** In the sole assignment of error, appellant argues that the trial court erred in granting the motion to dismiss. We do not concur.

*De Novo Standard of Review*

**{¶ 13}** As held by this court in *State v. Wright*, 2022-Ohio-1537 (6th Dist.), ¶ 82-83,

> The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). In reviewing a denial of a motion to dismiss based on an appellant's right to a speedy trial, we apply a de novo standard of review. *State v. Smith*, 6th Dist. Lucas No. L-14-1224, 2016-Ohio-150, ¶ 7, citing *State v. Browand*, 9th Dist. Lorain No. 06CA 009053, 2007-Ohio-4342, ¶ 10.

> Ohio's speedy trial protections are set forth in R.C. 2945.71. Under R.C. 2945.71(C)(2), a defendant who is charged with a felony must be brought to trial within 270 days of his arrest.

*Known Facts Rule*

**{¶ 14}** In conjunction, as held by the Ohio Supreme Court in *State v. Sanford*, 2022-Ohio-3107, ¶ 22, 24, a case similarly grounded in a speedy trial dispute, where additional charges were subsequently filed after the original charges, and were likewise filed outside of the R.C. 2945.71 speedy-trial time period,

5.

This court has consistently held that the State may not indefinitely extend the statutory speedy-trial period by continually filing additional, related charges. . .[W]e adopted a rule that had been articulated by the Eleventh District Court of Appeals in *State v. Clay*, 9 Ohio App.3d 216, 459 N.E.2d 609 (11th Dist. 1983): 'When new and additional charges arise from the same facts as did the original charge and the State knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory [speedy-trial] period that is applied to the original charge. *Adams* at 68, 538 N.E.2d 1025, quoting *Clay* at 216, 459 N.E.2d 609. . .The proper inquiry is to consider whether at the time the initial charges were filed, the State has all the information necessary to bring additional related charges. See 2021-Ohio-1619 at ¶ 20-21, 25; *Baker*, 78 Ohio St.3d at 111. 676 N.E.2d 883 (State could not have known the facts necessary to support the new charges when the initial charges were filed).

{¶ 15} In applying the above-detailed governing legal principles to this case, we note that the record shows that on December 6, 2023, the day of the traffic stop and the filing of the initial traffic charges, the following facts were known by the State; (1) Moore detected the odor of "raw marijuana" emanating from appellee's vehicle, (2) Appellee acknowledged to Moore that he had just returned from purchasing marijuana in Michigan; (3) Appellee handed Moore a bag containing 8.8g of marijuana, and (4) The search of appellee's vehicle recovered three additional, large bags of marijuana, totaling 4 lbs. of marijuana.

{¶ 16} Based upon our de novo review, we find that further corroboration by BCI testing, that the material recovered from appellee's vehicle was marijuana, a fact already known via (1) Moore's olfactory detection, (2) appellee's admission, and (3) the recovery of four lbs. of marijuana from appellee's vehicle, was not necessary as a predicate to the filing of the marijuana-related charges.

6.

**{¶ 17}** The State had the information necessary to bring the marijuana-related charges at the time that the initial traffic charges were filed. Therefore, the marijuana-related charges in this case were subject to the same R.C. 2945.71(C)(2) 270-day speedy-trial period as the original traffic charges.

*R.C. 2945.71(C)(2) Timeline of Events*

**{¶ 18}** The R.C. 2945.71(C)(2) timeline of events is as follows. On December 6, 2023, appellee was stopped by law enforcement, exhibited the odor of raw marijuana, acknowledged the purchase and possession of marijuana, and was found to be in the possession of approximately four lbs. of marijuana. On December 6, 2023, appellant was charged with following too closely and driving under suspension. On December 6, 2023, the R.C. 2945.71(C)(2) speedy-trial trial time period for the marijuana-related charges was also triggered. The R.C. 2945.71(C)(2) deadline for bringing marijuana-related charges to trial in this case expired on or about September 6, 2024. On March 20, 2025, appellant was indicted on the marijuana-related charges, well after the R.C. 2945.71(C)(2) speedy trial deadline had expired.

**{¶ 19}** Based upon our de novo review, and in accord with *Sanford*, *Wright*, and R.C. 2945.71(C)(2), we find that the trial court correctly granted appellee's motion to dismiss, upon determining that the State's March 20, 2025 indictments against appellee were time-barred by R.C. 2945.71(C)(2). Accordingly, we find appellant's assignment of error not well-taken.

7.

**{¶ 20}** On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also,* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.